UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE;                                                  Bankruptcy case no. 15-01999

Rogelio Aguirre                                         Honorable Judge Eugene R. Wedoff

Debtor                                                  Chapter 13

OBJECTION TO DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY

Now comes TRANSPORT FUNDING, LLC (hereinafter referred to as "TRANSPORT") by and through its attorney Mark Meyers of Blitt & Gaines, P.C., and requests this Court deny the Debtor's Motion to Extend the Automatic Stay as the filing is proposed in bad faith:

1. The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on 01/22/2015.

2. The Debtor filed previous petition under Chapter 13 of the Bankruptcy Code on 08/12/2014 in the Northern District of Illinois Eastern Division (case #: 14-29576).

3. Transport Funding, LLC is a secured creditor in both of the bankruptcy matters maintaining a security interest in two trucks and two trailors (Two utility trailers: Serial 1UYVS2537EP881619 and 1UYVS2537EP881620; Two Volvo VNL670 tractors VIN 4V4NC9GH07N397739 and VIN 4V4NC9GH07N469197) that is secured by two loans.

4. TRANSPORT filed two separate motions for relief for all four items on 10/23/2014 and was granted relief on 11/18/14 for all four items.

6. The Debtor's previous Chapter 13 case (14-29576) was dismissed on 12/9/2014 due to unreasonable delay, and the Debtor did not make any payments to TRANSPORT in the interim.

7. Debtors schedule I and J are woefully inadequate to explain the great difference between his previous case and the above-captioned case. Debtor's previous Schedule I listed his

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

business income/revenue at $48,476.09 per month. Debtor's current Schedule I lists his monthly income as $5,493.00 per month. The Schedule J's also have a vast difference, the previous case's Schedule J lists monthly expenses as $52,602.44 leaving only $115.61 to pay into the plan. The current Schedule J shows monthly expenses as $5,661.00 with monthly payments of $4,071.00. The vast difference is not explained in the Debtor's schedules. The Debtor's schedules lack adequate detail in light of such alleged variations. The Debtor's schedules lack any kind of expense items for operation of business (like fuel, insurance, and regular maintenance), which should be significant for a trucking business. Additionally, Debtor's affidavit in support of his Motion to Extend the Automatic Stay states that the Debtor is depending on hiring additional drivers (presumably creating additional income), but the schedules do not state whether the proposed budget accounts for additional drivers or not.

8. The Debtor's affidavit in support of his motion for extension of automatic stay is incomplete as to how vehicles broke down and how they were repaired. The entire plan is contingent upon the dependable use and operation of the vehicles, and the fairness of the automatic stay depends upon the Debtor's repair and upkeep of the vehicles and trailers. If the vehicles and trailers are still in need of repair, then the plan is not feasible and more importantly TRANSPORT runs risks of the attachment and impairment of a mechanic's/artisan's lien against the vehicles and trailers in which TRANSPORT holds a PMSI. TRANSPORT is entitled to detailed and adequate description of the vehicle repairs, in addition to reasonable corroboration of such repairs.

WHEREFORE, TRANSPORT FUNDING, LLC prays that this court:

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

I. Deny the Debtor's Motion for Extension of Automatic Stay

II. Or in the alternative, make the Extension of the Automatic Stay contingent upon the good condition and repair of the vehicles by the Debtor submitting the vehicles (VIN 4V4NC9GH07N397739 and VIN 4V4NC9GH07N469197) and trailers (Serial 1UYVS2537EP881619 and 1UYVS2537EP881620) for inspection within 10 days at the nearest Arrow Truck Sales location, along with proof that the repair bill for the collateral has been satisfied; or in the alternative he location and contact information for each piece of collateral.

III. And/or put the Debtor on a strict compliance (10 day within due date) with his Chapter 13 trustee payments and insurance payments to ensure Transport Funding, LLC's adequate protection failing which the automatic stay for the collateral would cease without further notice or hearing and

IV. And for such other relief as this court may deem just.

TRANSPORT FUNDING, LLC

By: /s/ *Mark Meyers*
Mark Meyers
Attorney for Movant
Blitt & Gaines, P.C.
661 Glenn Ave.
Wheeling, IL 60090
P: 847-403-4900
mmeyers@blittandgaines.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CERTIFICATE OF SERVICE

      I, the above signed attorney, certify that on February 3, 2015. I electronically filed the forgoeing Objection to Motion to Extend the Automatic Stay with the Clerk of the Court using the ECF system which sends notifications of such filings to the following:

Mr. Nicholas C. Kefalos, Attorney for the Debtor
Ms. Marilyn O. Marshall, Chapter 13 Trustee